IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ruben Perfecto, Luis Arias, and Klever Aguilar, Plaintiffs<br><br>v.<br><br>Washington Square Management LLC (d/b/a Parlor Pizza Bar); G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) and Michael T. Bisbee, Timothy Hendricks, and Michael Kaulentis, individually, Defendants | |

## **COMPLAINT**

Ruben Perfecto, Luis Arias, and Klever Aguilar (collectively "Plaintiffs") pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), 820 ILCS § 105/1 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), and the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110 complains against Washington Square Management LLC (d/b/a Parlor Pizza Bar), G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) and Michael T. Bisbee, Timothy Hendricks, and Michael Kaulentis, individually, (collectively, "Defendants"), and state:

### **Introduction**

1. Minimum wages are required by the FLSA, IMWL, and the City of Chicago's Minimum Wage Ordinance.

2. Overtime wages are required by the FLSA and the IMWL.

3. This action seeks redress for Defendants' failure to pay Plaintiffs earned minimum and overtime wages.

4. Plaintiffs are former employees of the Defendants' and were not paid their earned and minimum and overtime wages.

## Jurisdiction and Venue

5. 28 U.S.C. § 1331 provides the Court jurisdiction over Plaintiffs' FLSA claims.

6. 28 U.S.C. § 1337 provides the Court supplemental jurisdiction over Plaintiffs' state claims.

7. Venue is properly placed in this judicial district because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## Facts

8. Defendants own and operate Washington Square Management LLC (d/b/a Parlor Pizza Bar), located at 108 North Green Street, Chicago, Illinois 60607; G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley), located at 642 North Clark Street, Chicago, Illinois 60654 within the three years preceding the filing of this complaint.

9. Michael T. Bisbee resides in and is domiciled in this judicial district.

10. Timothy Hendricks resides in and is domiciled in this judicial district.

11. Michael Kaulentis resides in and is domiciled in this judicial district.

12. Michael T. Bisbee and Timothy Hendricks are the owners of Washington Square Management LLC (d/b/a Parlor Pizza Bar) and are involved in the day-to-day business operations of Washington Square Management LLC (d/b/a Parlor Pizza Bar) and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions, (3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

13. Michael T. Bisbee, Timothy Hendricks, and Michael Kaulentis are the owners of G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) and are involved in the day-to-day business operations of G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) and have the authority to: (1) hire and fire employees, (2) direct and supervise employee job functions,

(3) sign on the business's checking and payroll accounts, and (4) participate in decisions regarding employee compensation and capital expenditures.

14. Washington Square Management LLC (d/b/a Parlor Pizza Bar) is as an enterprise under 29 U.S.C. § 203(r)(1).

15. G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) is as an enterprise under 29 U.S.C. § 203(r)(1).

16. Washington Square Management LLC (d/b/a Parlor Pizza Bar) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

17. G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. Washington Square Management LLC (d/b/a Parlor Pizza Bar) had annual gross sales of $500,000.00 or more during the last three years.

19. G-A Restaurant, LLC (d/b/a Stout Barrel House & Galley) had annual gross sales of $500,000.00 or more during the last three years.

20. Defendants were Plaintiffs' employer as defined by the FLSA and IMWL.

21. Plaintiffs were Defendants' employees as defined by the FLSA and IMWL.

22. Plaintiffs were employed by Defendants in Cook County, which is in this judicial district.

23. Plaintiff Perfecto worked for Defendants from about July 2007 to December 2016.

24. Plaintiff Arias worked for Defendants from about March 2016 to June 2016.

25. Plaintiff Aguilar worked for Defendants from about February 2013 to December 2016.

26. Plaintiffs' job functions included clearing dishes, washing dishes, and preparing the bar at Defendants' restaurants: Parlor Pizza Bar and Stout Barrel House & Galley.

27. Defendants paid Plaintiffs in check and cash throughout their employment.

## COUNT I: FLSA Overtime Wage Violation

28. Plaintiffs incorporate all paragraphs above as if fully restated below.

29. Plaintiffs' notices of consent to become party Plaintiff in an action under the Fair Labor Standards Act is attached hereto as Exhibit A, Exhibit B, and Exhibit C.

30. Plaintiffs were directed by Defendants to work more than forty (40) hours per week.

31. Throughout the course of Plaintiffs' employment with Defendants, Plaintiffs worked more than forty (40) hours weekly in one or more individual work weeks.

32. Defendants did not pay Plaintiffs overtime wages at a rate of one and one-half the regular rate for all hours worked over forty each week.

33. Plaintiffs' wages were not based on the number of jobs performed or completed, nor were they based on the quality or efficiency of job performance.

34. Plaintiffs are not exempt from the overtime provisions of the FLSA.

35. Defendants' failure to pay overtime violated the FLSA.

36. Defendants' FLSA violation was willful.

37. Plaintiffs are entitled to recover unpaid overtime wages for up to three (3) years before the filing of this lawsuit.

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiffs over forty (40) hours in individual work weeks;

B. Award liquidated damages in an amount equal to the amount of unpaid minimum and overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Court deems just and proper.

## COUNT II: IMWL Overtime Wage Violation

38. Plaintiffs incorporate all paragraphs above as if fully restated below.

39. This Count arises from Defendants' failure to pay its employees all earned overtime wages in violation of the IMWL.

40. The IMWL requires that employers pay each employee one and one-half times their hourly rate of pay for all hours worked in excess of forty (40) hours per week.

41. Defendants directed Plaintiffs to work more than forty (40) hours in individual work weeks.

42. Plaintiffs worked more than forty (40) hours in individual work weeks.

43. Defendants did not pay earned overtime wages to the Plaintiffs.

44. Plaintiffs was not exempt from overtime wages.

45. Defendants violated the IMWL by failing to compensate Plaintiffs consistent with the IMWL's overtime wage provisions.

46. Defendants violated the IMWL by failing to pay Plaintiffs overtime wages for all hours worked in individual work weeks.

47. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiffs under the IMWL;

B. Award Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT III: FLSA Minimum Wage Violation

48. Plaintiffs incorporate all paragraphs above as if fully restated below.

49. The FLSA requires employers, including Defendants, to pay at least the minimum wage to their employees, unless their employees are exempt.

50. Defendants did not pay Plaintiffs at least the minimum wage for all hours worked in one or more workweeks during the prior three (3) years.

51. Defendants' failure to pay minimum wages violated the FLSA.

52. Defendants violated the FLSA by refusing to compensate Plaintiffs consistent with the minimum wages provisions of the FLSA.

53. Plaintiffs are entitled to recover unpaid minimum wages because Defendants' failed to pay at least the minimum wage.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of the difference between the mandated minimum wage rate and the hourly wage paid to Plaintiffs;

B. Award liquidated damages in an amount equal to unpaid overtime wages;

C. Declare Defendants to be in violation of the FLSA;

D. Enjoin Defendants from violating the FLSA;

E. Award reasonable attorneys' fees and costs; and

F. Grant such additional or alternative relief as this Honorable Court deems just and proper.

## COUNT IV: IMWL Minimum Wage Violation

54. Plaintiffs incorporate all paragraphs above as if fully restated below.

55. Plaintiffs were not exempt from minimum wages.

56. This count arises from Defendants' violations of the IMWL, for their failure to pay minimum wages to Plaintiffs while working at Defendants' business.

57. Defendants violated the IMWL by failing to compensate Plaintiffs consistent with the IMWL's minimum wage provisions.

58. During the relevant employment period, the minimum wage in Illinois was $8.25 per hour.

59. Defendants failed to pay Plaintiffs their earned minimum wages at a rate of at least $8.25 per hour.

60. Plaintiffs were not exempt from the minimum wages provisions of the IMWL.

61. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover unpaid minimum wages for three (3) years before the filing of this suit.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of minimum wages due to Plaintiffs under the IMWL;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT V: Chicago Minimum Wage Ordinance Violation

62. Plaintiffs incorporate all paragraphs above as if fully restated below.

63. This count arises from Defendants' violation of the Ordinance, by failing to pay Plaintiffs the City of Chicago-mandated minimum wages for all hours worked in individual work weeks starting on July 1, 2015.

64. Plaintiffs were directed to work by Defendants and, in fact, did work but were not compensated at least at the City of Chicago-mandated minimum wage rate for all time worked in Chicago starting on July 1, 2015.

65. Plaintiffs were entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in Chicago in individual work weeks starting on July 1, 2015.

66. Defendants did not pay Plaintiffs the City of Chicago-mandated minimum wage for all hours worked in individual work weeks starting on July 1, 2015.

67. Defendants' failure to pay Plaintiffs the City of Chicago-mandated minimum wage rate for all hours worked in individual work weeks starting on July 1, 2015 was a violation of the Ordinance.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court:

A. Enter a judgment in the amount of all minimum wages due to Plaintiffs as provided by the Ordinance;

B. Award Statutory damages for Plaintiffs pursuant to the formula set forth in the Municipal Code of Chicago Minimum Wage Ordinance §1-24-110;

C. Declare that Defendants have violated the Ordinance;

D. Enjoin Defendants from violating the Ordinance;

E. Award reasonable attorneys' fees and costs of this action as provided by the Ordinance; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted on Tuesday, March 21, 2017.

_____
**Bryan Pacheco**
*Counsel for the Plaintiff*

Consumer Law Group, LLC
6232 North Pulaski Road
Suite 200
Chicago, Illinois 60646
312-445-9662
bpacheco@yourclg.com